J-S83035-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ORRIN WINSTON MCRAE | : | |
| | : | |
| Appellant | : | No. 1900 EDA 2017 |

Appeal from the Judgment of Sentence February 4, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No(s):  CP-23-CR-0001580-2013

BEFORE:  GANTMAN, P.J., OLSON, J., and DUBOW, J.

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED JANUARY 17, 2018**

Appellant, Orrin Winston McRae, appeals *nunc pro tunc* from the judgment of sentence entered in the Delaware County Court of Common Pleas, following his negotiated guilty plea to possession with intent to deliver a controlled substance ("PWID"), possession of a firearm with an altered manufacturer's number, persons not to possess firearms, resisting arrest, and fleeing or attempting to elude a police officer.[1]  Following entry of Appellant's negotiated plea on February 4, 2014, the court imposed the agreed aggregate sentence of 8 to 16 years' imprisonment plus two years' concurrent probation.  Appellant's sentence for PWID included a mandatory

_____

[1] 35 P.S. § 780-113(a)(30); 18 Pa.C.S.A. §§ 6110.2; 6105; 5104; 75 Pa.C.S.A. § 3733, respectively.

minimum per 42 Pa.C.S.A. § 9712.1.[2]  Appellant did not file a direct appeal.

On May 8, 2014, Appellant timely filed a *pro se* petition under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  The court appointed counsel, who filed a petition to withdraw and no-merit letter per ***Commonwealth v. Turner***, 518 Pa. 491, 544 A.2d 927 (1988) and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  On September 25, 2014, the court let counsel withdraw and issued appropriate notice per Pa.R.Crim.P. 907.  The court denied PCRA relief on April 2, 2015.  On May 5, 2017, this Court reversed and remanded for reinstatement of Appellant's direct appeal rights *nunc pro tunc*.  **See Commonwealth v. McCrae**, 170 A.3d 1191 (Pa.Super. 2017).

Appellant timely filed a *nunc pro tunc* notice of appeal on June 2, 2017.  On June 5, 2017, the court ordered Appellant to file a concise statement of errors per Pa.R.A.P. 1925(b).  Following an extension, Appellant timely complied on August 23, 2017.  On appeal, Appellant challenges the legality of his mandatory minimum sentence, invoking ***Alleyne v. United States***, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) (holding any fact that increases mandatory minimum sentence for

---

[2] **See** 42 Pa.C.S.A. § 9712.1(a), (c) (stating any person convicted of PWID shall be sentenced to minimum sentence of at least five years' confinement, when at time of offense person was in physical possession or control of firearm or firearm was in close proximity to controlled substance; provisions of this section shall not be element of crime and applicability of this section shall be determined at sentencing by preponderance of evidence).

crime is considered element of crime for fact-finder to find beyond a reasonable doubt). *See Commonwealth v. Newman*, 99 A.3d 86, 98-102 (Pa.Super. 2014) (*en banc*) (holding Section 9712.1 is unconstitutional; vacating and remanding for resentencing without imposition of mandatory minimum under Section 9712.1).

Instantly, the court imposed a mandatory minimum sentence for Appellant's PWID conviction under Section 9712.1. The imposition of the mandatory minimum sentence under that statute was unlawful. *See id.* Both the trial court and the Commonwealth agree that Appellant is entitled to sentencing relief under *Alleyne* and its progeny. Accordingly, we vacate the judgment of sentence and remand for resentencing without imposition of any mandatory minimum sentence.

Judgment of sentence vacated; case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/17/18</u>